IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18CR3094 |
| vs. | |
| OSCAR EULALIO SANDOVAL, | ORDER |
| Defendant. | |

Defendant has filed a motion raising several grounds for suppressing evidence collected by the government, including 1) recordings from inside a Quality Inn hotel room, 2) evidence obtained when a Motel 6 hotel was entered at the time of Defendant's arrest; and 3) and evidence obtained during a post-arrest search of a Motel 6 hotel room on July 5, 2018. (Filing No. 39). Defendant claims:

1) As to a Quality Inn hotel room, the government's use of audio and video recording devices by CIs who entered that room was a warrantless search, unreasonable, and violated the Fourth Amendment;

2) As to Defendant's arrest at Motel 6, Detective Roskey's entry into the room without a warrant was an unlawful search, and all evidence seen during that entry must be suppressed.

3) As to the search of the Motel 6 hotel room:

   a. The search of the Motel 6 room was conducted without a valid warrant because:

      - The warrant application lacked a sufficient showing of probable cause;

- The warrant was based on unlawfully obtained information; and

- The warrant had not been signed by a judge when the search began.

b. The warrant was unlawfully executed after 8:00 p.m.

(Filing Nos. 41 and 50).

"A warrant is supported by probable cause from the viewpoint of a reasonably prudent police officer acting in the circumstances of a particular case." United States v. Reinholz, 245 F.3d 765, 776 (8th Cir. 2001). "The determination of whether or not probable cause exists to issue a search warrant is to be based upon a common-sense reading of the entire affidavit." United States v. Seidel, 677 F.3d 334, 338 (8th Cir. 2012) (internal quotations omitted). "To satisfy the particularity requirement of the fourth amendment, the warrant must be sufficiently definite to enable the searching officers to identify the property authorized to be seized." United States v. Horn, 187 F.3d 781, 788 (8th Cir. 1999).

Defendant argues the warrant to search the Motel 6 hotel room is invalid because the warrant application included information that was obtained illegally. Specifically, Defendant claims Detective Roskey's entry into the motel room without a warrant at the time of Defendant's arrest was illegal, and any evidence the officer saw as a result of that unlawful entry cannot be considered when reviewing the warrant application. An illegal entry will not invalidate a subsequent search warrant where information acquired as a result of the illegal entry was not necessary to the finding of probable cause supporting the warrant. U.S. v. Packer, 730 F.2d 1151, 1156 (8th Cir. 1984).

After removing the alleged unlawfully obtained evidence, the search warrant application states:

- The affiant officer, Ryan Roskey, is an experienced law enforcement officer. On July 5, 2018, he received information from a reliable confidential source that Defendant was staying at the Motel 6 located at 3511 S. 84th St. in Omaha, Nebraska. At that time, Sandoval was the subject of an extraditable felony warrant out of California and was believed to be in control of a red 2006 Dodge Charger with Nebraska license plate number 8a415.

- At approximately 6:00 p.m., the affiant, along with two other officers, (Stuck and Martin) arrived at the Motel 6 location. Upon arrival, they saw a 2006 red Charger parked in the hotel parking lot. The Charger's Nebraska license plate number was 8a415.

- Stuck knocked on the door of hotel room 110. When Defendant responded at the door, Stuck recognized him based on a photograph. Stuck ordered Defendant to step out of the hotel room. Defendant was placed into custody, and on his person, the officer found a large vacuum pack envelope containing money.

- Trooper Prante arrived at the Motel 6 location with his certified canine, Otto. A do sniff was conducted on the red Charger. Trooper Prante advised that Otto alerted and indicated for the odor of drugs emanating from the vehicle.

(Filing No. 40-1).

Defendant claims the affidavit lacks a sufficient basis for relying on "information from a reliable confidential source;" that this statement is conclusory and cannot support a finding of probable cause. But the confidential source's statement did nothing more that prompt officers to investigate the Motel 6, and when they did, the source's statement was corroborated by the actual presence of Defendant in a Motel 6 hotel room with a vehicle believed to be under his control in the parking lot. Information provided by an outside source can be supplemented and its reliability corroborated by independent police investigation. United States v. Warner, 894 F.2d 957, 959 (8th Cir. 1990). Then, upon Defendant's arrest pursuant to an outstanding warrant, the officers found money in a vacuum-packed envelope on Defendant's person, and a drug dog alerted and indicated to the scent of drugs on or within Defendant's vehicle.

Under the totality of facts presented in the application, even excluding all evidence of what Detective Roskey saw during his alleged unlawful entry into the hotel room at the time of Defendant's arrest, there was probable cause to believe evidence of criminal activity may be found during a search of the Motel 6 hotel room. As such, Defendant's motion to suppress the search of the hotel room based on a claim that the warrant application included unlawfully obtained evidence and lacked a sufficient showing of probable cause should be denied.

An evidentiary hearing will be scheduled as to all other arguments raised in Defendant's motion to suppress.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that as to Defendant's claims that the search of the Motel 6 hotel room was unlawful

because the warrant application included unlawfully obtained evidence and lacked a sufficient showing of probable cause, the motion to suppress filed by the defendant (Filing No. 39) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that on or before January 11, 2019, counsel shall contact my courtroom deputy and propose dates for scheduling an evidentiary hearing on the remaining arguments raised in Defendant's motion to suppress.

December 31, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge