IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. OSCAR EULALIO SANDOVAL, Defendant. | 4:18-CR-3094 MEMORANDUM AND ORDER |

This matter is before the Court on the defendant's objection (filing 54) to the Magistrate Judge's findings and recommendation (filing 51) recommending that the defendant's motion to suppress (filing 39) be denied in part. On its de novo review, *see Branch v. Martin,* 886 F.2d 1043, 1045-46 (8th Cir. 1989), the Court will overrule the objection and adopt the findings and recommendation.

The defendant's objection is based on two arguments. First, he contends that the dog sniff of the vehicle, and his possession of a vacuum-pack envelope of money, did not provide probable cause for the issuance of a warrant to search his motel room. Filing 55 at 2-3. But probable cause to issue a warrant exists if there is a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Garcia-Hernandez,* 682 F.3d 767, 771 (8th Cir. 2012). The requisite nexus between a particular location and contraband is determined by the nature of the crime and the reasonable, logical likelihood of finding useful evidence. *United States v. Colbert,* 828 F.3d 718, 726 (8th Cir. 2016). And assuming that the dog is reliable,[1] a dog sniff resulting in an alert on a container, car, or other item, standing alone, gives an officer

---

[1] The defendant has not challenged the reliability of the dog. *See* filing 41 at 14; filing 55.

probable cause to believe that there are drugs present. *United States v. Tuton*, 893 F.3d 562, 570 (8th Cir. 2018). In sum, the presence of drugs and a vacuum-pack envelope of money in the possession of a motel guest is suggestive of drug trafficking, and that created at least a "fair inference" that evidence of such a crime would be found in the motel room. *See United States v. Williams*, 974 F.2d 480, 481 (4th Cir. 1992).

Second, the defendant argues that the dog sniff of his vehicle "actually amounted to an illegal search of the room." Filing 55 at 3. Relying on *Florida v. Jardines*, 569 U.S. 1, 11-12 (2013), the defendant contends that his vehicle "was located on the immediate surroundings of the Motel 6, where [he] had an expectation of privacy." Filing 55 at 3. But the key to *Jardines* was the dog's entry into the curtilage of the suspect's home. *See* 569 U.S. at 6-7. The curtilage of a home—that is, the area immediately surrounding and associated with the home—is afforded constitutional protection. *Collins v. Virginia*, 138 S. Ct. 1663, 1670, 1674 (2018). But *Jardines*—a decision grounded in property rights—provides little support for the defendant's contention that he had an "expectation of privacy" in a Motel 6 parking lot. *See Jardines*, 569 U.S. at 11 (declining to decide whether "expectation of privacy" was violated). And there is no legitimate expectation of privacy in public common areas such as a motel parking lot. *See United States v. Brooks*, 645 F.3d 971, 975-76 (8th Cir. 2011); *see also United States v. Reed*, 733 F.2d 492, 501 (8th Cir. 1984). There is no merit to the argument that the dog sniff of the defendant's vehicle was itself impermissible. *See Brooks*, 645 F.3d at 976. Accordingly,

IT IS ORDERED:

1. The defendant's objection (filing 54) is overruled.

2.  The Magistrate Judge's findings and recommendation (filing 51) are adopted.

Dated this 11th day of February, 2019.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge